## JOHN L. BROCK AND MARY E. BROCK
### v.
## LEVI M. BROCK.

*Negotiable Instruments—Change in Note—Mortgage—Foreclosure—Rights of Wife.*

1. In a foreclosure proceeding this court sustains the decree of the court below, finding that a change made in the note secured was with the knowl. edge and consent of the maker and to carry out the agreement of the parties.

2. The wife of the maker, who joined in the mortgage, was not preju-diced by a change lawfully made by the parties to the note, especially as such change made it conform to the language of the mortgage.

[Opinion filed November 23, 1888.]

APPEAL from the Circuit Court of Tazewell County; the Hon. N. W. GREEN, Judge, presiding.

Messrs. B. S. PRETTYMAN and T. N. GREEN, for appellants.

Mr. W. R. CURRAN, for appellee.

If a change in a material part of a promissory note has been made by a party in interest, without any fraudulent intent, by or with the knowledge or consent of the maker, or by his rati-fication after he gains knowledge of the fact, it does not ren-der it void in his hands.    Gardner v. Harbock, 21 Ill. 129 ; Elliott v. Blair, 47 Ill. 342; Vogle v. Ripper, 34 Ill. 100; Stiles v. Probst, 69 Ill. 382; Goodspeed v. Cutler, 75 Ill. 534; Canon v. Grisby, 116 Ill. 151; Wallace v. Wallace, 8 Ill. App. 69; Speak v. United States, 9 Cr. 27.

And to the same point, and the further point that material alterations made in a note that would avoid it may be ratified either before or after the alteration.    Pelton v. Prescott et al., 13 Iowa, 567.

This case cites Grimstead v. Biggs, 4 Iowa, 559, and also shows that Wheelock v. Freeman, 13 Pick. 165, is not in

point on the question under consideration.   King v. Hunt, 13 Mo. 68; Humphreys v. Guillow, 13 N. H. 385; Penny v. Corwithe, 18 Johns. 498; Stewart v. First Nat'l Bank, 40 Mich. 348.   This case specifically holds that the ratification may be by parol.   Prouty v. Wilson, 123 Mass. 297.

Conger, J.   John L. and Levi Brock, who are brothers, owned a tract of land as tenants in common, and Levi sold his undivided interest to his brother for $3,000.   It was understood that the purchase money should be paid according to the tenor of four promissory notes, one for $500 due March 1, 1871, one for $500 due March 1, 1872, one for $1,000 due March 1, 1873, and one for $1,000 due March 1, 1874.   These notes were to draw six per cent. per annum interest until maturity, and thereafter ten per cent.

These notes were secured by a mortgage executed upon the entire tract by appellants, John L. and his wife, on the face of which appears the following language: "And the fourth note draws interest from the time the third note is due at six per cent. per annum, and if either is not paid when due, to draw ten per cent. interest."

In writing the fourth or last note the provision that it should draw ten per cent. interest after maturity was omitted (by mistake, as it is claimed by appellee), and after such note came due, in the spring of 1874, appellee inserted in the face of such note the words "with ten per cent. interest after maturity."   A bill to foreclose such mortgage was filed, whereupon appellant, in his answer, set up this change in the note, claimed that it was unauthorized by him, and therefore vitiated the note.   Appellee amended his bill, admitted that he had made the change in the note, but that it was done with the knowledge and consent of John L. Brock, and done for the purpose of carrying out the arrangement made between himself and appellant at the time of the original transaction.   This question was sharply contested, and the Circuit Court, from all the facts and circumstances in evidence, found the fact to be as claimed by appellee, with which finding we are entirely satisfied.

This disposes of the principal objection raised by appellants, as it is immaterial how material the change made in the note was, provided it was made by the consent and approbation of appellant John L. Brock, so far as he is concerned.

Next it is insisted that such change, having been made without the knowledge or consent of Mrs. Brock, the wife of the mortgagor, could be used by her to prevent a foreclosure so far as her interest in the land might extend. She was not a party to the note, and the mortgage was not changed, but expressly upon its face provided that the note in question should bear ten per cent. interest after maturity, so that her rights were in no way affected by the change, and her interest in the realty is, by the decree of foreclosure, subjected to the precise charge she herself placed upon it.

Had the note been fraudulently or improperly changed, it might be that she could complain; but when the note was lawfully changed by the parties to it, and made to conform to the language of the mortgage she had executed, she has no just ground to resist the foreclosure. The decree of the Circuit Court will be affirmed.

*Decree affirmed.*